# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA**

      vs.                                No. 2:13-mj-672
                                                Magistrate Judge Elizabeth P. Deavers

**BRIAN KENNETH BOONE,**

      **Defendant.**

## DETENTION ORDER PENDING TRIAL

      After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require the defendant to be detained pending trial.

      Defendant conceded that probable cause exists to believe that he has committed an offense involving a minor victim under 18 U.S.C. § 2422(b) for enticement of a minor to engage in sexually explicit conduct using a facility of interstate commerce.[1]  As such, under the provisions of 18 U.S.C. § 3142(e)(3)(E), subject to rebuttal, "it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community . . . ."  I find the Defendant has not rebutted this presumption.

## STATEMENT OF REASONS FOR THE DETENTION

The information contained in the affidavit submitted in support of the Criminal Complaint establish by clear and convincing evidence that the nature and circumstances of the offenses charged are quite serious, and involve attempting to entice a minor to engage in sexual acts.  The evidence demonstrates that Defendant engaged in sexual acts with a minor boy, "John Doe."  Undercover agents posing as John Doe using John Doe's cellular phone communicated with Defendant and specifically told Defendant that John Does was 13 years old.  Defendant nonetheless continued to communicate with John Doe and solicited sex, offering to pay him money and with video games. In his text messages with agents posing as John Doe, Defendant acknowledged his fear of being caught because John Doe was so young.  He nevertheless arranged another meeting with John Doe to engage in sexual acts.  He admitted at the time of the arrest that he sent text messages to John Doe and engaged in sexual acts with him.  A subsequent search of Defendant's phone and computer reveals some evidence that Defendant engaged in sexual encounters with other boys.  The weight

---

      [1]In the Criminal Complaint, the Government also charges Defendant with traveling in interstate commerce with the intent to engage in illicit sexual activity in violation of 18 U.S.C. § 2423(b).

of the evidence against the Defendant is quite strong. Defendant also has incentive to flee because of exposure to a potentially long sentence if convicted, in that the offense charged carries a mandatory minimum of 10 years up to a life term of imprisonment. In terms of danger to the community, Defendant admitted that he engaged in and attempted to engage in future sexual conduct with a boy he believed to be 13 years old. He arrived at the meeting place despite his fear that he would be caught. Although his sister offered to permit Defendant to live with him in Stubenville, Ohio under location monitoring, this condition would not be acceptable as the victim resides in Stubenville and would thus present a specific safety concern to this individual.

## DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

**IT IS SO ORDERED.**

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

**January 27, 2014**
**DATE**